IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODNEY GATEWARD** | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | **NO. 05-1903** |
| **DAVID DIGUGLIELMO, et al.** | : | |

**MEMORANDUM OPINION AND ORDER**

**RUFE, J.**                                                                                                              **March 8, 2006**

Before the Court is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Rodney Gateward ("Petitioner"), a state prisoner. Magistrate Judge Peter B. Scuderi reviewed the Petition and the response to the petition, and filed a Report and Recommendation ("R & R") recommending that the petition be denied. Petitioner then filed objections to the R & R. The Court has reviewed the petition, the R & R, the objections to the R & R, and the entire record in this matter, and approves and adopts the R & R for the reasons that follow.

**I.      Background and Procedural History**

The Court adopts the facts and procedural history set forth in the R & R, and repeats portions of the R & R here for ease of reference.

On April 20, 1981, Petitioner was sentenced by the Honorable Armand Della Porta in the Court of Common Pleas of Philadelphia County to a total term of imprisonment of eight to twenty-five years of imprisonment for two counts of murder in the third degree and one count of

1

simple assault .[1]  On November 15, 1982, the Honorable Stanley Greenberg in the Court of Common Pleas of Philadelphia County  sentenced Petitioner to a term of two to five years of imprisonment for  robbery, to run consecutive to his April 20, 1981 sentence.[2]  On both cases, Petitioner was sentenced to a combined  ten to thirty years of imprisonment calculated to have a minimum date of August 15, 1990, and a maximum date of August 15, 2010.  After serving his minimum sentence, the Pennsylvania Board of Probation and Parole ("Board") released Petitioner on parole.[3]

On July 20, 1994, Petitioner was sentenced for voluntary manslaughter, aggravated assault, and possession of an instrument of crime, all crimes committed while he was on parole.[4]  Petitioner's original sentence was recomputed to account for backtime,[5] and a detainer sentence[6] of fifteen to thirty years was imposed for the crimes committed while Petitioner was on parole.[7]

The Board reviewed Petitioner for parole in October 1994.[8]  The Board decided to grant him re-parole in July 2004 to a state detainer sentence, provided he continue his involvement

---

[1] App. A to Pet'r Mot. at 1.

[2] Id.

[3] Id. at 3.

[4] Id. at 4.

[5] Backtime is the "unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1.

[6] A detainer sentence is "a sentence to which a convict is subject following release from a sentence which the convict is currently serving." 37 Pa. Code §61.1.

[7] App. A to Pet'r Mot.at 4.  The detainer sentence included five to ten years for voluntary manslaughter, followed by ten to twenty years for aggravated assault, with a sentence of one to two years for possession of an instrument of crime to run concurrent.

[8] App. B to Pet'r Mot. at 2.

in required programs and refrain from engaging in any misconduct.[9] In a decision dated September 3, 2004, the Board decided to rescind the re-parole portion of its earlier decision and scheduled him for review.[10] After the review, the Board denied him re-parole on March 14, 2005. The Board's Notice of Board Decision for Petitioner included the following statement:

> Your best interests do not justify or require you being paroled/ reparoled; and, the interests of the Commonwealth will be injured if you were paroled/ reparoled. Therefore, you are refused parole/ reparole at this time. The reasons for the Board's decision include the following: Your version of the nature and circumstances of the offense(s) committed. Your refusal to accept responsibility for the offense(s) committed. Your lack of remorse for the offense(s) committed. Your prior history of supervision failure(s).[11]

The notice also informed Petitioner that he would serve his unexpired maximum sentence with the date of July 14, 2014 to begin to serve his detainer sentence.

Petitioner filed this petition for habeas relief on April 15, 2005, alleging that: 1) the Board's denial of re-parole was without valid cause and in violation of Petitioner's rights; 2) the Board's reliance on its belief that he might commit future crimes if re-paroled was against public policy; 3) he was denied proper due process; and 4) he is factually not a danger to himself or others and should be re-paroled.

Many of Petitioner's Objections to the R & R elaborate on themes set forth in his petition. Specifically, the Objections allege: 1) Petitioner's legal right to parole was taken from him arbitrarily and capriciously; 2) he completed the treatment program devised by his treatment team, and therefore the Board was contractually obligated to release him under the Decision Making

---

[9] Id.

[10] App. C to Pet'r Mot. at 1.

[11] Id.

Guidelines; 3) the Board failed to consider that Petitioner's completion of a treatment program reduced his risk to society; 4) the Board is not qualified to predict his future recidivism, and it is against public policy for them to do so; 5) since Petitioner served ten years of a possible twenty years of backtime, the public interest now favors restoring his liberty, not having him "max-out" his sentence; 6) the Board is forcing him to serve an indeterminate sentence to protect the public safety, and indeterminate therapeutic sentences are unconstitutional; and 7) the Board improperly acted as both prosecutor and judiciary in that the Board interrogated him and tried to coerce a confession.

**II.    Discussion**

    A.    <u>Right to Release After Completing Treatment Programs</u>

Petitioner argues that he completed the treatment program devised by his treatment team and was therefore *entitled* to re-parole under the Board's Decision Making Guidelines. This argument is addressed by Magistrate Judge Scuderi's discussion of Petitioner's procedural due process rights and substantive due process rights.

The R & R correctly points out that a prisoner's sentence is his maximum sentence, not his minimum sentence, under Pennsylvania law.[12] Furthermore, as the R & R notes, Petitioner has no *entitlement* to re-parole under the U.S. Constitution or Pennsylvania state law,[13] regardless of how he behaves or what programs he completes while incarcerated. Petitioner had no automatic right to be re-paroled after ten years of backtime, given that he had twenty unserved years on his

---

[12] <u>Cohen v. Horn</u>, Civ. A. No. 97-7175, 1998 WL 834101, at *6 (E.D. Pa. Dec. 2, 1998)(citing <u>Brown v. Pa. Bd. of Prob. & Parole</u>, 668 A 2d. 218, 220 (Pa. Commw. Ct. 1995).

[13] <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979); <u>Burkett v. Love</u>, 89 F.3d 135, 139 (3d Cir. 1996).

original sentence.  A prisoner ordered to serve backtime as a parole violator loses his status as a parolee. The Board can, in its discretion, require Petitioner to serve his remaining unexpired term.[14] "When a Board imposes backtime, it is establishing a new parole eligibility date for the parolee, in effect, a recomputed minimum term."[15]  He simply had the rights to a review by the Board and the chance to be considered for re-parole.

Since the right to re-parole, like any parole release decision, is not a protected liberty interest under state or federal law,[16] Petitioner cannot demonstrate a deprivation of a protected liberty interest.  Therefore, he cannot establish a procedural due process violation. Furthermore, in this case Petitioner was given notice that he would be evaluated for re-parole, was given an opportunity to be heard by the Board, and was provided written notice of the Board's reasons for denying him re-parole.[17]  The Board's reasons were adequate and legal grounds for denying parole.  Accordingly, the Court approves and adopts the R & R's discussion of Petitioner's procedural and substantive due process claims regarding Petitioner's right to re-parole, and overrules Petitioner's related objections regarding his right to re-parole after completing a treatment program.

    B.    The Commonwealth's Interests

Under the law of substantive due process, the Board's decision must bear some rational relationship to the Commonwealth's interests, and the Board may not rely on constitutionally

---

[14] Kranz v. Pa. Bd. of Prob. & Parole, 483 A.2d 1044, 1048 (Pa. Commw. Ct. 1984).

[15] Id.

[16] Greenholtz, 442 U.S. at 7; Burkett, 89 F.3d at 139.

[17] Greenholtz, 442 U.S. at 16.

impermissible grounds when it denies parole.[18]  Petitioner alleges that the Board decision was arbitrary and capricious, and that having served ten years of his possible twenty year backtime term, the public interest is now vested in restoring his liberty, not further detention.  In this case, there is no evidence that the Board abused its discretion or acted in an arbitrary manner in its review of Petitioner's case.  Furthermore, Pennsylvania law does not recognize the concept that the public interest shifts from detention to liberty at the expiration of a minimum sentence.  On the contrary, the maximum sentence is considered the sentence which is in the interest of the prisoner and the Commonwealth *unless* the Board is convinced that "the best interests of the prisoner justify or require his release on parole and it does not appear that the interests of the Commonwealth will be injured thereby."[19]

        This Court agrees with the R & R's conclusion that the Board's decision was not arbitrary or capricious, and the decision did not rely upon unconstitutional factors.  Rather, the decision was based upon Petitioner's lack of remorse and his prior history of supervision failure–both valid and legal considerations.  Therefore, the Court accepts the R & R and overrules Petitioner's objections as to these issues.

    C.    <u>The Board's Consideration of Petitioner's Risk of Future Recidivism</u>

        Petitioner also raises substantive due process concerns through his objection to the Board's qualifications to assess his risk of recidivism, and through his objection to the Board's failure to consider the risk automatically reduced by his completion of a treatment program.  While this Court agrees that it would be improper for a Board to *overemphasize* public safety concerns or

---

[18] <u>Block v. Potter</u>, 631 F.2d 233, 237 (3d Cir. 1980); <u>Burkett</u>, 89 F.3d at 139.

[19] 61 Pa. Cons. Stat. Ann. §331.21(a).

the risk of recidivism, protecting the public has always been an underlying and important concern in the parole and re-parole process, and the Board is permitted to form an opinion as to a petitioner's risk of recidivism.[20]

In this case, the Board cited Petitioner's prior history of failure under supervision (he was convicted of violent felony offenses while on parole),[21] *but also* provided other reasons for its decision. While Petitioner did complete a treatment program, the Board retained concerns about his rehabilitation after his interview, specifically, due to Petitioner's failure to take responsibility for or express remorse for his crimes.[22] This prevented the Board from finding that Petitioner was "rehabilitated." The Board's stated reasons for denying re-parole bore a rational relationship to the Commonwealth's interests, and the Board did not rely upon constitutionally impermissible rounds when it denied re-parole.[23] Therefore, the Court overrules Petitioner's objections and approves and adopts the R & R as to these substantive due process issues.

D. <u>The Board Has Not Imposed an Indeterminate Sentence Upon Petitioner</u>

Finally, Petitioner suggests that the Board has essentially sentenced him to an

---

[20] <u>Winklespecht v. Pa. Bd. of Prob. and Parole</u>, 571 A.2d. 685 (Pa. 2002).

[21] <u>See</u> <u>Pa. Bd. of Prob. and Parole v. Scott</u>, 524 U.S. 357, 365 (1998) (noting that parolees who have committed prior parole violations are more likely to commit future crimes than other citizens).

[22] Petitioner argues that the Board improperly acted as prosecutor and judge in that the Board interrogated him and tried to coerce a confession. Petitioner further argues that the Board's expectation that he should accept responsibility for his crimes is a violation of his constitutional rights against self-incrimination, and that he is being punished for refusing to admit to crimes of which he is factually innocent. The Court is not persuaded by this argument for several reasons. First, Petitioner has a right to a hearing before the Board when the Board is considering re-parole, and the Board has a right to question Petitioner about his rehabilitation at that hearing so that it may make a well-reasoned decision. Such questioning is perfectly appropriate. Second, at the time of the hearing Petitioner had already been convicted of the crimes and served twenty years of a thirty year sentence. It could not, then, be prejudicial to his constitutional rights to accept responsibility for those crimes at his re-parole hearing.

[23] <u>Block</u>, 631 F.2d at 237; <u>Burkett</u>, 89 F.3d at 139.

indeterminate therapeutic prison term, which will last until the Board deems Petitioner rehabilitated. The Board has not imposed an indeterminate sentence; it has simply denied re-parole. Petitioner now serves the remainder of his backtime sentence and will be released from that sentence on July 14, 2014, regardless of his level of rehabilitation or his risk of recidivism on that date, if he is not re-paroled before that date. Of course, Petitioner can seek another parole review before that date.[24] In fact, he can reapply for parole annually.[25] Therefore, the Court overrules Petitioner's objections and approves and adopts the R & R as to this final issue as well.

---

[24] 61 Pa. Cons. Stat. Ann. §331.22 ("[T]he board shall have the power, and it shall be its duty, to consider applications for parole by a prisoner or his attorney.  However, the board shall not be required to consider nor dispose of an application by a prisoner or his attorney where a parole decision has been issued by the board on that case within one year of the date of the current application for parole.")

[25] Id.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODNEY GATEWARD** | : |
| | : |
| v. | : **CIVIL ACTION** |
| | : **NO. 05-1903** |
| **DAVID DIGUGLIELMO, et al.** | : |

## ORDER

**AND NOW,** this 8th day of March, 2006, upon consideration of the Petition for Writ of Habeas Corpus [Doc. #3], the Response [Doc. #8], the Report and Recommendation [Doc. #12], Plaintiff's Objections thereto [Doc. #15], and the entire record in this matter, and for the reasons set forth in the attached Memorandum Opinion, it is hereby **ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

2. Magistrate Judge Peter B. Scuderi's Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus is **DENIED**;

4. Because the Petition does not make a substantial showing of the denial of a constitutional right, the Court declines to issue a Certificate of Appealability; and

5. The Clerk of Court is directed to mark this case **CLOSED** for statistical purposes.

It is so **ORDERED.**

BY THE COURT:

*/S/ Cynthia M. Rufe*
**CYNTHIA M. RUFE, J.**